Councilors, the next case is 5-11-074-0113 and it's People v. Jones. Counselor, may I present? May it please the Court, Counselor. My name is Lawrence O'Neill and I represent Wayne Jones in this appeal. Following Mr. Jones' second jury trial, the circuit court entered judgment on two counts of first-degree murder involving the murder of one person. Felony murder and knowing murder. At the eligibility stage of the capital sentencing hearing, the trial court found Mr. Jones qualified for the death sentence in that he had committed the offense of felony murder. The court then sentenced Mr. Jones to death. The judgment order reflects that Mr. Jones was sentenced to death for the offense of felony murder. In 2003, Governor Ryan commuted Mr. Jones' death sentence to life in prison without the possibility of parole. This appeal is from the circuit court's denial of Mr. Jones' motion for leave to file a successive post-conviction petition and for motion for relief of judgment under the civil code. This court has consolidated the cases for oral argument and decision. The same argument is raised in both appeals. The underlying argument is based upon the well-established one-act-one-crime rule, namely that because Mr. Jones' felony murder conviction was based upon the same act as his knowing murder conviction and there was but a single decedent, the felony murder conviction, the less serious murder offense, must be vacated. This is a well-established rule of law. Only one murder conviction can stand when there is but one decedent. The real issue before this court is whether the improper judgment for felony murder is void. I submit that the felony murder conviction is void and that it is not subject to waiver and may be attacked at any time. I have set out the void argument in my reply briefs. A void judgment is defined as one entered by a court without jurisdiction of the parties or subject matter or that lacks the inherent power to make or enter a particular order. Another way of putting it is that an order is void when a court is not authorized by statute, court rule, or case law to impose that particular order or the court exceeds the power of its jurisdictional authority. Perhaps a simple example of this is say the defendant is convicted of a Class X felony. The sentencing range is not extended. The sentencing range is six to 30 years. If the court sentences the defendant to 29 years, it's not a void judgment. The defendant can challenge the possible abuse of discretion or inappropriate, improper consideration of aggravating factors. If the sentence is 60 years, then the court exceeded its jurisdictional authority and that judgment is void. The state, citing People v. Davis in 1993, Illinois Supreme Court's decision, argues that the judgment is merely void and thus waived because the circuit court had personal and subject matter jurisdiction to enter the order and the erroneous and improper order did not divest the circuit court of jurisdiction. However, the viability of Davis is questionable and should not control the outcome of this case. In Davis, the defendant argued on appeal that improper multiple convictions were a violation of double jeopardy and were void. The Supreme Court found that the improper judgment was merely voidable because the circuit court had personal and subject matter jurisdiction and the erroneous order did not divest the court of jurisdiction. Two years after Davis, however, the Supreme Court in People v. Arner addressed the problems with the Davis decision. The problem is this. As stated, the Davis court held that the judgment was not void because the circuit court had jurisdiction and did not lose jurisdiction. However, the Arner court recognized that even though the court has personal and subject matter jurisdiction, a judgment is void when the circuit court exceeds the authority and scope of its jurisdictional power, thus lacking the inherent power to enter the particular order. In other words, a judgment is void when the circuit court lacked the authority to impose the particular judgment despite the circuit court having jurisdiction over parties and subject matter. As such, the Arner court found that although the circuit court had personal and subject matter jurisdiction, the order imposing concurrent sentences in that case was void because it did not conform to the statutory requirement that the sentences be imposed consecutively. Therefore, Arner has clarified the Davis decision. Arner made clear that a judgment may be void even though the circuit court has personal and subject matter jurisdiction. The voidness emanates from the order of judgment exceeding the jurisdictional power and authority of the court. Thus, the court lacks the inherent power to make the particular order. Again, go back to the class X felony example that I gave. If the court exceeds the limited power of its jurisdiction, because the court has jurisdiction, that does not give the court free reign to impose any possible criminal order. It's limited. And when the court exceeds that limited authority and power of its jurisdiction, the judgment is void. On page 3 of my reply briefs, I've cited several Illinois Supreme Court cases decided since Arner where the Supreme Court has found that judgments are void even though the circuit court had personal and subject matter jurisdiction and jurisdiction was not divested. Further, all these cases have reiterated the rule that a void judgment can be attacked at any time, either directly or collaterally. Thus, it is clear that Davis is based on pre-Arner out-of-date definition of void and voidness. Therefore, this court should find that under Arner, the judgment order here on the felony murder conviction is void because the circuit court did not have the authority, the inherent power, to enter judgment on two murder convictions when there was but a single deceit. Therefore, this court should vacate the felony murder conviction and remand for resentencing on the knowing murder conviction. There is a final point to consider here. I brought this up in my reply brief in discussing the one act, one crime rule. Mr. Jones was found guilty of the first trial of knowing a felony murder like he was in the second trial. The Supreme Court reversed the judgment of the circuit court and remanded the case for a new trial. In so doing, the court addressed issues likely to recur on a retrial. Specifically, the court considered the issue that I raised here about the one act, one crime rule, namely when there is one deceit, only one murder conviction can stand. The Supreme Court observed when multiple convictions are had for offenses arising out of a single act, the rule is that the sentence is imposed on only the most serious offense. The court then noted how the People v. Mack, another Supreme Court case, involved one homicide and the defendant was convicted of three counts of murder. The Mack court vetted two of the convictions and affirmed the conviction based on the most serious murder offense. The Supreme Court in Jones, this is Jones, this is our case after the first murder trial. The Supreme Court Jones then stated on remand, if the defendant is found guilty of the crimes charged, then the sentence should comport with the principles enunciated in Mack. Meaning that if Mr. Jones is convicted on the retrial of two counts of murder, only one murder conviction can stand. That's what happened on the second murder conviction, in the second season, the second murder trial. Therefore, this court should follow the mandate of the Illinois Supreme Court in that first decision. And vacate, as in the Mack, vacate the conviction for felony, the judgment for felony murder. And remand the case for a sentence in order to remain murder conviction. Any questions, your honors?  Thank you. Thank you, counsel. Epley. Good afternoon, Your Honor. My name is Epley. And counsel. Well, I think we can be clear about right off the front is that it's true that a defendant cannot be sentenced to a conviction of both a felony and a known murder. As a matter of emerging offenses, because there's only one offense of murder. That said, that a judgment is an error does not make it a void judgment. It just makes it void or avoidable. This is a distinction that the Supreme Court addressed in the Davis decision, which the defendant implicitly acknowledges is factually opposite to this case. Although, the argument is that it's been diminished by subsequent decisions. I'll address that in one moment. Well, Davis, in fact, I believe it was a drug case. But it involved a conviction on a judgment and a sentence entered on a greater or lesser offense. The issue of the vacating the lesser offense was raised in the context of a post-conviction petition in that case. Or was attempted to, I believe. Notable in this case that this issue before the court was not raised in either the post-conviction petition. Or I should say, more accurately, the motion for leave to file successive post-conviction petition. And the section 2-1401 petition for leave from judgment. The Supreme Court in Davis ultimately held that it was avoidable and not to avoid. And Davis has become, since then, sort of the benchmark case. And I know just informally that it's still cited even today. For the proposition of the distinction between avoid and avoidable. Counsel does a good job explaining that. I won't beat Dan into the ground. But I think that there are really two aspects of avoid judgments which are pertinent. One involves subject and personal jurisdiction, which is not of any contest in this case. The second involves what is the meaning of the court's inherent power to render a judgment. Now, in Davis, the court found that the court had the inherent power. Notwithstanding that it would have been an error to do so. To render judgment in both the greater and the lesser offense. Which is what happened in this case. Now, that was followed soon after by a case called People v. Cody, cited in the state's brief. Which also went further to say that it was not going to find a plain error. Saying that even with the redundant conviction, the sentence would only be noticed as a plain error on direct appeal, given that this is a post-conviction decision. And it was going to be found waived at that point before that court. So, now, after that, and before that, because the defendant's site is waived, which predates Davis. But there's ARNA and a number of other cases of defendant's sites. Now, what it comes down to, I think, is an understanding of the meaning of a court's inherent power to render a judgment. Defendant McGinnis' argument says that a court exceeds its power when it goes beyond statutory constraints. And then, I believe I wrote down, exceeds case law. I hope that's not the standard for void judgments. Because then we're going to have lots of void judgments every time a conviction is challenged on appeal. Clearly, that's not the standard. The standard is inherent power is something that is set forth by, most typically, the legislative constraints on a court to act in a sentencing case, which is what ARNA was. ARNA was a case involving mandatory consecutive sentencing, which the court did not do. And the court said that the court has no power to enter a judgment which was not allowed for by statutory authority. Same with Wade. Same with City of Chicago v. Roman. People v. Poland. People v. Harris. People v. Pinconsi. We go through all defense cases, these sites, and everyone stands, the very correct proposition that a court exceeds its inherent power when it imposes a judgment that is statutorily barred from doing so. But as Davis' court said, that the court is not barred from entering judgment even on a lesser degree of offense. That being the case, the court did not exceed its inherent power here. I'm not going to argue that the court was not an error. Okay? We don't even get to waver if we're not already kind of considering the fact that there was an error at the beginning. But error can be forfeited. I mean, the Supreme Court has been abundantly clear that issues that are voidable, which are not properly preserved in the collateral tax process of post-conviction petitions or petitions for relief in judgment, are not to be noticed on appeal. And the court cannot afford relief on that basis. And the first time this has come up, it was actually right here before this court. So it's very new. It's a very, very straightforward issue. And I agree that it really comes down to if it is a void judgment, the court certainly has the power to address a void judgment at any time, even if it was not raised below. This being a voidable judgment and having not been raised at any time, that much just as Davis itself found, there's no avenue for relief at this juncture for the defendant, 1985 conviction and post-trial, post-conviction proceedings which were initiated more or less around the same time, 25 years later. Does the court have any questions? No questions. Thank you. Thank you, counsel. Are you voting? Counsel mentioned that Davis is the benchmark for the void and voidable analysis in cases. And I submit to your honors that the Illinois Supreme Court has consistently backed off of Davis, beginning with the Arna case. Davis had a flaw, a limit. It ignored the analysis involving a court lacking the inherent power to enter a judgment. Davis Court just considered whether the court had subject and person-measured jurisdiction and whether the erroneous order divested the court of jurisdiction. Arna came along and said, well, the judgment may still be void even if the court has jurisdiction and maintains jurisdiction. And that's when the or judgment exceeds the authority of the court. And so Arna and all those Supreme Court cases that I listed on page three of my reply brief show that the Supreme Court has backed off as Davis being the benchmark for these cases. And I'll agree that Davis, in my position, Davis confused the whole question of a void judgment by entering in, by including the analysis involving voidable. Voidable, to me, is just an error of a judgment, erroneous judgment made by a court with jurisdiction. The void judgment is an error made by the court who still may have jurisdiction but lacks the inherent power to make that judgment by either statute or case law. The court, and I'll get into that counsel, talked about case law and its impact on whether a judgment is void or not. When the Supreme Court declares a statute unconstitutional, the judgments entered based upon that unconstitutional statute would be void. So the case law is. And the case law in our case is that it's clear. One act won't crime violations or violation of double jeopardy. And as a void judgment, it may be attacked at any time. Are there any other questions, Your Honor? No further questions. Thank you, counsel. You'll be excused because we take another five minutes. And we'll remain, take a recess until 9 o'clock tomorrow morning.